**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**NOEMÍ NIEVES FLORÁN,**

      Plaintiff,

      v.

**DOCTORS' CENTER HOSPITAL, INC.**, *et al.*,

      Defendants.

Civil No. 16-1930 (BJM)

## ORDER

Plaintiff Noemí Nieves Florán ("Nieves") brought this action against Doctors' Center Hospital ("Doctors"), Dr. Maritza Loinaz-Rivera ("Dr. Loinaz"), and their insurers, alleging violations of the Emergency Medical Treatment and Labor Act ("EMTALA" or "the Act"), 42 U.S.C. §§ 1395dd, and medical malpractice under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141. Dkt. 126 ("Am. Compl."). On October 28, 2019, Doctors moved to dismiss Nieves's EMTALA claims for lack of subject matter jurisdiction and failure to state a claim. Dkt. 191. Nieves did not oppose. On February 12, 2020, I denied Doctors' motion to dismiss based on lack of subject matter jurisdiction and granted its motion to dismiss for failure to state a claim. Dkt. 204. Nieves moved for reconsideration, Dkt. 209, and Doctors opposed, Dkt. 211.

Nieves asks that I reconsider the order granting Doctors' motion to dismiss because (1) Nieves's failure to oppose was excusable and (2) the court failed to view the facts in the light most favorable to Nieves and draw all reasonable inferences in her favor.[1]

"The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly. . . . To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the

---

[1] This case's background was set forth in the February 2020 order on Doctors' motion to dismiss, and familiarity with that background is assumed. Dkt. 204 at 2–4.

rendering court committed a manifest error of law." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (internal citations and quotations omitted). Merely regurgitating past arguments is not sufficient to merit reconsideration. *See United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009) ("Motions for reconsideration are not to be used as 'a vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments that could and should have been presented to the district court prior to judgment.") (internal quotation marks omitted); *Palmer*, 465 F.3d at 30 (denying motion for reconsideration where "plaintiff's motion for reconsideration did no more than reiterate the arguments she earlier had advanced"). Moreover, "[t]he movant must demonstrate more than merely an error in reasoning." *United States ex rel. Williams v. City of Brockton*, No. 12-CV-12193, 2016 WL 7428187, at *1 (D. Mass. Dec. 23, 2016); *see Estate of Rivera v. Doctor Susoni Hosp., Inc.*, 323 F. Supp. 2d 262, 265 (D.P.R. 2004) ("[A motion for reconsideration] will generally be denied unless the moving party can point to controlling decisions or data that the Court overlooked and that might reasonably be expected to alter the conclusion reached by court.") (internal quotation marks and citation omitted).

Nieves asks the court to excuse her failure to oppose the motion to dismiss because said failure occurred while she was solely represented by Attorney Hector Alvarado Tizol, who has been undergoing medical treatment. Dkt. 209 at 2. Although Attorney Alvarado has been managing a serious medical condition, Nieves was not without other legal assistance. Attorneys Manual San Juan DeMartino and Mariela Maestre Cordero have been corresponding with opposing counsel at least since October 17, 2019. *See* Dkt. 211-1. They also agreed to represent Nieves if the trial could be continued, which it was. *See* Dkts. 192, 194, 196, 197. Moreover, I did not treat Nieves's failure to respond as a procedural default, instead deciding the motion to dismiss based on the sufficiency of the complaint itself. *See* Dkt. 204 at 5. Accordingly, I see no reason to grant a motion to reconsider based on Attorney Alvarado's health or Nieves's failure to oppose.

Next, Nieves argues that the order failed to construe the facts in the light most favorable to her and draw all reasonable inferences in her favor. She contends that I did not account for the fact that she remained in paramedics' splints in the emergency room. Had I properly considered this fact, Nieves argues I would have found that she stated an EMTALA screening claim. In paragraph five of Nieves's complaint, Nieves stated that she "was left in the splint which had been applied by the ambulance personnel and was left on the emergency room bed in the hallway until they found a hospital room for her." Dkt. 126 ("Am. Compl.") ¶ 5. In paragraph forty-two of her complaint, Nieves stated that Doctors "deviated from its usual practices to provide appropriate medical screening because the screening was so deficient that it deviated from the National Standard of Screening in such a way that it amounted to no screening at all; since the procedures were not appropriate." *Id.* ¶ 42. According to Nieves, I should have deduced that, by leaving her in paramedics' splints, Doctors effectively failed to screen her because screening requires removing splints. Although she treats such a deduction as a "reasonable inference," I do not see it as such. *See Cochran v. Quest Software, Inc*., 328 F.3d 1, 6 (1st Cir. 2003) (quoting *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990)) (the court need not indulge "improbable inferences[] and unsupported speculation"). Nowhere in her complaint did Nieves state that failure to remove splints during screening amounts to a failure entirely to screen. Had she wished to press this argument, she should have so stated in her complaint. Motions for reconsideration are not the place to "advance arguments that could and should have been presented" earlier. *Allen*, 573 F.3d at 53.

Nieves also contends that "the facts alleged in the amended complaint clearly establish that treatment was not provided, even when Plaintiff had been admitted to the hospital, and no treatment was provided at all throughout her stay in the hospital." Dkt. 209 at 5. The complaint itself, however, directly contradicts this contention. Indeed, the complaint states that Doctors x-rayed Nieves's ankle, performed blood work, admitted her for treatment, and re-splinted her ankle prior to discharge. Am. Compl. ¶¶ 4, 6–7, 14. To

conclude that Nieves's complaint alleged that she received no treatment, I would have to blind myself to these facts, which were alleged in Nieves's complaint.

Next, Nieves argues that the order failed to account for the fact that actors in the hospital were aware that Nieves's insurance would not pay for certain procedures and that Dr. Loinaz had recommended Nieves's transfer due to lack of insurance. Although EMTALA aims to prevent hospitals from dumping patients seeking emergency medical assistance because they lack insurance, *see Ramos-Cruz v. Centro Medico del Turabo*, 642 F.3d 17, 18 (1st Cir. 2011), a hospital's motivation for failing to screen or stabilize a patient is generally not an element of an EMTALA claim. *See Cruz-Vazquez v. Mennonite Gen. Hosp., Inc.*, 717 F.3d 63, 68 (1st Cir. 2013) (listing elements of an EMTALA claim). Nonetheless, a hospital's motivations become relevant if a patient is admitted as a subterfuge to avoid EMTALA obligations. *See* 42 C.F.R. § 489.24(d)(2)(i); Dkt. 204 at 10–11. Here, however, as explained in the original order, Nieves never alleged that her admission to the hospital was a sham intended to subvert EMTALA. Nor can I reasonably infer that it was a sham based on the facts alleged: although Dr. Loinaz objected to Nieves's admission and advised transfer based on lack of insurance, the hospital nonetheless admitted Nieves for treatment and re-splinted her ankle. These facts do not amount to an assertion that the hospital admitted Nieves in bad faith, and thus, even "if proven, will not justify recovery" under EMTALA. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).

Moreover, even setting aside Nieves's admission to the hospital, Nieves failed to state a stabilization claim because, as the original order explains, she failed to allege facts indicating that re-splinting her ankle was not reasonably calculated to prevent material deterioration of her condition. *See* Dkt. 204 at 10. Nor did she allege that, to meet this standard, Doctors would have needed to reduce or set her fracture prior to transfer. Although the court must indulge all reasonable inferences in plaintiff's favor, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.*, 950 F.2d 13, 22 (1st Cir. 1991).

Finally, Nieves correctly points out that a medical malpractice claim can coexist alongside EMTALA screening and stabilization claims. Regardless, Nieves has not stated an EMTALA claim.

Nieves's motion to reconsider neither presented newly discovered evidence nor demonstrated that the court "committed a manifest error of law." *Palmer*, 465 F.3d at 30. Accordingly, the motion is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of March 2020.

*S/ Bruce J. McGiverin*

BRUCE J. McGIVERIN
United States Magistrate Judge